IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ARCTIC GLACIER U.S.A., INC., and
ARCTIC GLACIER U.S.A., INC.
SAVINGS AND RETIREMENT PLAN,

Petitioners,

vs.

PRINCIPAL LIFE INSURANCE
COMPANY,

Respondent.

8:17CV214

ORDER

This matter is before the Court on Arctic Glacier U.S.A., Inc. ("Arctic Glacier U.S.A.") and Arctic Glacier U.S.A., Inc. Savings and Retirement Plan's (the "Plan" and collectively, "Arctic Glacier") Petition to compel Principal Life Insurance Company ("Principal") to participate in arbitration and other dispute-resolution procedures set forth in a Service and Expense Agreement ("Agreement") executed by Principal and Arctic Glacier International, Inc. ("Arctic Glacier International"). Arctic Glacier U.S.A. asserts rights to enforce the Agreement as Arctic Glacier International's corporate successor. According to Arctic Glacier U.S.A., it succeeded to Arctic Glacier International rights under the Agreement and replaced it as the Plan sponsor in 2012.

In opposing the Petition, Principal asserts, "No documentation reflecting this substitution is provided." Principal does not deny receiving a letter "dated July 20, 2012 and attached within Ex. 6 to the Petition" that "refers to the 'sale of substantially all of the assets' of Arctic Glacier International to H.I.G. Zamboni LLC ('Zamboni'), and states that 'sponsorship of the Plan is to be transferred to and assumed by an affiliate of' Zamboni, to be named 'Arctic Glacier U.S.A., Inc.'" However, Principal maintains, "To the extent that Arctic Glacier U.S.A. contends it is somehow an assignee of Arctic

Glacier International or a corporate successor, no supporting evidence is provided to support such a contention."

While overstated, Principal's questions about the lack of record evidence establishing Arctic Glacier U.S.A.'s rights to enforce the Agreement as Arctic Glacier International's corporate successor (or assignee) have some merit. The letter referenced above describes the sale of all of Arctic Glacier International's assets in 2012, which suggests a possible corporate succession. But the record does not include any transfer documents, affidavits, or other evidence related to that transaction or Arctic Glacier U.S.A. succeeding to Arctic Glacier International's rights to enforce the Agreement. The record is also not well developed with respect to the parties' ongoing relationship under the Agreement after that transaction was reportedly completed in 2012 and Arctic Glacier U.S.A. became the Plan sponsor.

To facilitate a thorough review of Arctic Glacier's Petition, the Court will give the parties an opportunity to supplement the record with additional evidence regarding these issues. The parties shall electronically file any such evidence as an "Index of Evidence" in support of or opposition to the Petition on or before August 15, 2017, and may include a brief summary of the evidence not to exceed five pages. At this point, the Court does not believe an evidentiary hearing or oral argument is necessary to resolve the pending issues but does not rule out that possibility if either party presents a compelling reason to do so.

IT IS SO ORDERED.

Dated this 1st day of August, 2017.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge